UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                        CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                             NO. 12-0051-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 18, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                         CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                    NO. 12-0051-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 17.  This Motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Barrett L. Boeker, Ass't Warden Tim Delaney and Dr. Jonathan Roundtree, complaining that his constitutional rights were violated on October 28, 2010, when defendant Boeker utilized excessive force against him and when defendant Delaney failed to intervene or investigate the plaintiff's complaints on that date.  The plaintiff also complains that defendant Roundtree thereafter exhibited deliberate indifference to the plaintiff's serious medical needs by delaying and refusing treatment for the plaintiff's resulting injuries.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent Administrative Remedy Proceedings, certified copies of excerpts from the plaintiff's medical records, certified copies of excerpts from the medical records of defendant Barrett Boeker, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where

there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  Celotex Corporation v. Catrett, supra, at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  Anderson v. Liberty Lobby, Inc., supra, at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, supra, at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  Little v. Liquid Air Corp., supra, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1994), cert. denied, 502 U.S. 1059 (1992).

In his Complaint, the plaintiff alleges that on the morning of October 28, 2010, defendant Boeker came to the plaintiff's cell and, before opening the cell door, placed the plaintiff in full behind-the-back restraints. According to the plaintiff, defendant Boeker then called for the cell door to be opened and "immediately charged in like a bull," knocking the plaintiff to the floor and causing the plaintiff to sustain a cut to his face and an injury to his shoulder. Defendant Boeker then proceeded to punch and kick the plaintiff until the plaintiff lost consciousness, dragged the plaintiff down the cell tier, and placed the plaintiff in the "dungeon shower". While in the shower cell, defendant Boeker than threatened the plaintiff with a denial of medical attention if the plaintiff complained of the defendant's actions. When Ass't Warden Delaney subsequently made rounds on the cell tier, the plaintiff called out to speak with defendant Delaney, but the defendant failed to respond or provide any assistance or investigation. Finally, the plaintiff complains that, since that date, defendant Jonathan Roundtree "has delayed and denied plaintiff's proper medical treatment and much-needed corrective surgery" and, as the medical director at LSP, is "responsible for the management of treatment" at the prison, is the "overseer of inmates' medical records," and is "responsible for any malfeasance in office concerning the altering [of medical] records."

Initially, the Court notes that the plaintiff has named the defendants in both their individual and official capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official capacities because these officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Additionally, in Hafer v. Melo, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his

official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Id. In addition, the plaintiff's claim for injunctive relief asserted against the defendants in their official capacities is not prohibited under the Eleventh Amendment because such a suit is not treated as a claim against the state. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); 15 Am. Jur. 2d Civil Rights § 101.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants assert that the plaintiff has failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to certain of the claims asserted in the Complaint. Pursuant to this statute, the plaintiff was required to exhaust available administrative remedies prior to commencing a lawsuit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints

internally.'"  Johnson v. Johnson, supra, at 516, quoting Porter v. Nussle, supra, at 525.

From a review of the plaintiff's pertinent administrative grievances, it appears that the defendants' motion is well-taken.  Specifically, the Court finds that the plaintiff's grievances make no reference to the alleged failure of defendant Delaney to respond or investigate when the plaintiff called out to him on October 28, 2010, after the alleged incident of excessive force at the hands of defendant Boeker.  Nor do the referenced grievances even mention defendant Delaney or make any assertion of wrongdoing by this defendant.  It appears, therefore, that the plaintiff has failed to exhaust administrative remedies regarding any claim asserted against defendant Delaney and that this defendant is entitled to summary judgment as a matter of law.[1] See, e.g., Curry v. Scott, 249 F.3d 493, 505 (5th Cir. 2001) (finding that a grievance complaining of a beating by one security officer did not suffice to exhaust administrative remedies relative to a failure-to-protect claim asserted against another officer who was not mentioned in the grievance).

The defendants next contend that they are entitled to qualified immunity in connection with the plaintiff's remaining claims.  Specifically, the defendants contend that the plaintiff's

---

[1] Defendant Delaney would also be entitled to summary judgment upon a substantive review of the plaintiff's claim made against him.  In order for a government official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional right or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or respondeat superior is alone insufficient to state a claim under § 1983.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), citing Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  See also Bell v. Livingston, 356 Fed. Appx. 715 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability").  In the instant case, the plaintiff fails to allege that defendant Delaney himself subjected the plaintiff to excessive force or took any other action which may be characterized as a violation of the plaintiff's constitutional rights.  Accordingly, there is no basis for the imposition of liability relative to this defendant.

allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Huff v. Crites, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in Saucier v. Katz, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. at 202.[2]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion should be granted, but only in part. Specifically, the Court finds that the defendants have failed to establish their entitlement to qualified immunity in connection with the plaintiff's claim of excessive force asserted against defendant Boeker. Notwithstanding, the Court concludes that the defendants should be found entitled to summary judgment in connection with the plaintiff's claim of deliberate medical indifference asserted against defendant Dr. Roundtree.

Addressing first the plaintiff's claim of excessive force, force is excessive and violates

---

2  The United States Supreme Court has held that rigid chronological adherence to the Saucier two-step methodology is not mandatory. Pearson v. Callahan, 555 U.S. 223 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010), quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra, at 10, quoting Whitley v. Albers, 475 U.S. 312 (1986). The mere absence of serious injury resulting from a use of force, however, does not end the inquiry because an inmate who is gratuitously subjected to excessive force by correctional officers "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, supra, at 38. Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra, at 7.

As noted above, the plaintiff alleges in his Complaint that defendant Boeker placed him in full behind-the-back restraints on October 28, 2010, and then rushed into the plaintiff's cell without provocation, knocked the plaintiff to the floor, and proceeded to punch and kick the plaintiff until the plaintiff lost consciousness. In response to this assertion, defendant Boeker has done no more than present a certified copy of the plaintiff's administrative remedy proceedings and a certified copy of excerpts from the plaintiff's medical records. This showing is insufficient to establish the absence of disputed material fact relative to the incident at issue herein.

Although the record of the plaintiff's administrative record is certified as being a true copy thereof, the written statements included therein, of defendant Boeker and other prison officials, are not given under oath and, to a large extent, are self-serving and unreliable and so are not competent summary judgment evidence sufficient to support entitlement to qualified immunity.³ Nor has defendant Boeker presented his own affidavit or sworn statement providing a different version of the referenced incident. Accordingly, the only evidence before the Court are medical records which reflect that the plaintiff did sustain some degree of injury on the date in question. Thus, there are disputed questions of fact which preclude the grant of summary judgment relative to the issue of excessive force.⁴

---

3  Disciplinary reports, Unusual Occurrence Reports and other similar documents prepared by security officers are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute hearsay evidence under Rule 801(c) of the Federal Rules of Evidence. While they may be admissible under the exception to the hearsay rule provided in FRE 803(8)(A)(iii), which allows for the admission of "factual findings from a legally authorized investigation," this exception does not apply if "the source of information [or] other circumstances indicate lack of trustworthiness." See FRE 803(8)(B). In making the "trustworthiness" determination, the focus is on the reports' reliability, i.e., on whether the reports were compiled or prepared in a way that indicates that the conclusions can be relied upon. Moss v. Ole South Real Estate, Inc., 933 F.2d 1300 (5th Cir. 1991) (dealing with the same FRE provision, but prior to its restyling in 2011). This Court has often concluded that documentation prepared by prison security officers who are named as defendants in litigation do not fit within the exception of Rule 803(8)(A) because they are often self-serving and so are inherently untrustworthy. Much of the documentation contained in the plaintiff's administrative record, upon which the defendants rely in support of their Motion for Summary Judgment, suffers from this deficiency and so is not sufficient to establish the absence of disputed issues of material fact.

4  Notwithstanding the foregoing, the Court finds that the plaintiff's claim for injunctive relief asserted against defendant Boeker should be denied. In order to have standing to sue for injunctive relief, a party must (1) have suffered an injury in fact, (2) establish a causal connection between the injury and a defendant's conduct, (3) show that it is likely, not merely speculative, that a favorable decision will redress the injury, and (4) "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." Funeral Consumers Alliance, Inc. v. Service Corporation International, 695 F.3d 330, 342 (5th Cir. 2012), citing James v. City of Dallas, Texas, 354 F.3d 551 (5th Cir. 2001), cert. denied, 534 U.S. 1113 (2002). "Past exposure to illegal conduct does not in itself show a present case or controversy

Turning to the plaintiff's claim of deliberate medical indifference asserted against defendant Jonathan Roundtree, the Court finds, in contrast, that there are no disputed issues of material fact relative to this claim and that defendant Roundtree is entitled to summary judgment as a matter of law.  In this regard, in order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial constituted "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir. 1985).  Whether the plaintiff received the treatment or accommodation which he believes he should have is not the issue.  Estelle v. Gamble, supra.  Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra.  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 839-30 (1994).  As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

---

regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96, (1974).  See also City of Los Angeles v. Lyons, 461 U.S. 95 (1983).  In the instant case, the plaintiff complains of a single past incidence of alleged excessive force, and there is no showing of any likelihood that the alleged wrongful conduct will be repeated.  Accordingly, the plaintiff does not have standing to assert a claim for injunctive relief against defendant Boeker.

medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001), quoting Estelle v. Gamble, supra. Further, a mere delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing standard, the Court finds that the plaintiff has failed to come forward with evidence of conduct on the defendant's part sufficient to support a finding that the defendant violated the plaintiff's constitutional rights. Specifically, the plaintiff does no more than make a conclusory statement in the Complaint that defendant Roundtree has "delayed and denied plaintiff's proper medical treatment and much needed corrective surgery" and that the defendant has managerial responsibility at the prison infirmary. In the absence of more detailed allegations or some evidentiary showing, this statement amounts to no more than an assertion of negligence or, at most, medical malpractice which is not sufficient to support a claim of deliberate medical indifference. The plaintiff's medical records reflect that he was taken to the prison infirmary on the morning of October 28, 2010, and was evaluated by defendant Roundtree. At that time, the plaintiff exhibited a 1" cut to his forehead and multiple abrasions and contusions to his back and right shoulder. Dr. Roundtree cleaned the wound, prescribed Tylenol for the plaintiff's complaint of pain and ordered x-rays of the plaintiff's shoulder and head. These x-rays were undertaken on October 30, 2010, and were interpreted to be negative for objective injury. It appears that the plaintiff was thereafter seen and evaluated on multiple occasions by physicians at LSP, specifically on November 2, 3 and 8, 2010, December 19, 2010, January 9 and 26, 2011, February 2, 6, 7 and 9, 2011, March 9 and 14, 2011, April 14, 2011, May 30, 2011, June 12 and 28, 2011, July 13, 24 and 29, 2011, August 21, 2011, September 1, 17, 19 and 24, 2011, November 15, 2011, December 2, 2011, January 12 and 19, 2012, February

1, 2012, April 3, 4, 9 and 23, 2012, June 23, 2012, July 23, 2012, and August 9, 15 and 27, 2012. He has been evaluated by outside orthopedic specialists on several occasions, commencing in February, 2011, and he has been provided with additional diagnostic testing and with additional prescribed medications for complaints relative to his shoulder and to other medical issues. In short, it appears clear that the plaintiff has been provided with substantial medical attention and that there is absolutely no basis for concluding that defendant Roundtree has been deliberately indifferent to the plaintiff's serious medical needs. Moreover, as noted above, the defendant may not be found liable based upon the defendant's mere managerial or supervisory authority relative to the plaintiff's medical treatment at the prison. See note 1, supra. Accordingly, defendant Roundtree is entitled to summary judgment as a matter of law.[5]

Finally, although the plaintiff seeks to invoke the supplemental jurisdiction of this Court over state law claims such as, for example, malfeasance in office and the alleged failure of the defendants to follow state regulations, a district court may decline the exercise of supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, upon a review of the single remaining claim before the Court of alleged excessive force by a single defendant, the Court concludes that it is appropriate for the Court to decline the exercise of

---

5 The plaintiff also makes an assertion in his Complaint that his medical records at LSP have been altered. This claim is not properly before the Court. The plaintiff provides no information relative to what, if any, medical documentation may be missing from his file and/or fraudulent, and the mere alteration of medical records is not a claim of constitutional dimension in any event. Further, the plaintiff alleges that such alteration has been undertaken by the wife of defendant Boeker, who apparently works at the prison infirmary, and the plaintiff has not named the wife of defendant Boeker as a defendant in this proceeding.

supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the defendants' Motion for Summary Judgment, rec.doc.no. 17, be granted in part, dismissing the plaintiff's claims asserted against defendant Tim Delaney and Jonathan Roundtree, with prejudice, and dismissing all of the plaintiff's claims asserted against defendant Barrett L. Boeker except the plaintiff's Eighth Amendment claim of excessive force asserted against defendant Boeker in the defendant's individual capacity.  It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on June 18, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**