UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                         CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                              NO. 12-0051-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 13, 2014.

                                                      RICHARD L. BOURGEOIS, JR.
                                                     UNITED STATES MAGISTRATE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                              CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                                   NO. 12-0051-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the remaining defendant in this case, Barrett L. Boeker (Rec. Doc. 50). This Motion is not opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Barrett L. Boeker, Ass't Warden Tim Delaney and Dr. Jonathan Roundtree, complaining that his constitutional rights were violated on October 28, 2010, when defendant Boeker utilized excessive force against him and when defendant Delaney failed to intervene or investigate the plaintiff's complaints on that date. The plaintiff also complained that defendant Roundtree thereafter exhibited deliberate indifference to the plaintiff's serious medical needs by delaying and refusing treatment for the plaintiff's resulting injuries. Pursuant to prior Ruling in this case (Rec. Doc. 30), the Court has dismissed the plaintiff's claims asserted against defendants Tim Delaney and Jonathan Roundtree and has dismissed all of the plaintiff's claims asserted against defendant Barrett L. Boeker except the plaintiff's claim that defendant Boeker, in the defendant's individual capacity, utilized excessive force against the plaintiff in violation of the Eighth Amendment to the United States Constitution.

The defendant now moves for summary judgment relying upon the pleadings, a

Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent Administrative Remedy Proceedings, a certified copy of the plaintiff's medical records, a certified copy of excerpts from the medical records of defendant Barrett L. Boeker, a certified copy of an excerpt from a publication entitled "PPCT Resistance/Control Continuum," a certified copy of LSP Directive No. 09.002 (relative to "Use of Force"), excerpts from the plaintiff's deposition testimony taken on November 1, 2013, and the affidavits of Rhonda Z. Weldon, Jonathan Roundtree, M.D., and defendant Barrett L. Boeker.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden

of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, a Court is not required to scour the record in search of evidence which might support a non-moving party's position; it is the litigant's obligation to direct the Court's attention to the relevant evidence. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment").

As pertinent to the remaining issue before the Court, the plaintiff alleges in his unsworn Complaint that on the morning of October 28, 2010, defendant Boeker came to the plaintiff's cell and, before opening the cell door, placed the plaintiff in behind-the-back restraints. According to the plaintiff, defendant Boeker then called for the cell door to be opened and "immediately charged in like a bull," knocking the plaintiff to the floor and causing the plaintiff to sustain a cut to his face and an injury to his shoulder. Defendant Boeker then proceeded to punch and kick the plaintiff until the plaintiff lost consciousness, dragged the plaintiff down the cell tier, and placed the plaintiff in the "dungeon shower." According to the plaintiff, he sustained injury as a result of the defendant's alleged unlawful conduct.

In response to the plaintiff's allegations, the defendant contends in the instant motion that he is entitled to qualified immunity in connection with the plaintiff's claim of excessive force.

Specifically, the defendant contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

---

1. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

Undertaking the qualified immunity analysis with respect to the plaintiff's claim of excessive force, the Court finds that the defendant's motion should be granted. Specifically, the Court finds that the plaintiff has not met his burden in opposing the defendant's motion and has not come forward with evidence sufficient to rebut the defendant's sworn assertions in connection with the plaintiff's claim of excessive force.

A use of force is excessive and violates the Eighth Amendment to the United States Constitution only if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). However, the fact that an inmate may have sustained only minimal injury does not end the inquiry, and an inmate who is subjected to gratuitous force by guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. The extent of injury may be relevant, however, to a determination whether an alleged use of force was excessive under the circumstances, and the factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503

U.S. at 7.

Applying the foregoing standard, the Court finds that the plaintiff has failed to overcome the defendant's assertion of qualified immunity. Although the plaintiff alleges, in his unsworn Complaint, that defendant Boeker placed him in behind-the-back restraints on October 28, 2010, and then rushed into the plaintiff's cell without provocation, knocked the plaintiff to the floor, and proceeded to punch and kick the plaintiff until the plaintiff lost consciousness, defendant Boeker has responded to this assertion by presenting a sworn affidavit attesting that on the morning of the referenced date, he went to the plaintiff's cell for a shakedown search, ordered the plaintiff to turn around so that restraints could be placed on the plaintiff's wrists and ankles, and called for the plaintiff's cell to be opened once the restraints had been secured. *See* Rec. Doc. 52-5. The defendant attests that he then gave several orders to the plaintiff to exit the cell so that the defendant could conduct the search. *Id.* The plaintiff, however, refused these orders, whereupon defendant Boeker entered the plaintiff's cell. As the defendant did so, the plaintiff lowered his head and attempted to head-butt the defendant. *Id.* The defendant attests that he then utilized only reasonable and necessary force to "take control of the situation by bringing plaintiff to the floor," after which the plaintiff "was then compliant with all further orders and was sent to the treatment center." *Id.* The defendant specifically denies that he utilized force against the plaintiff maliciously and sadistically to cause the plaintiff harm and asserts, instead, that the force utilized "was proportional to the clear and present threat" posed by the aggression of the plaintiff and "was applied in a good faith effort to maintain and restore discipline." *Id.*[2]

---

2. The foregoing assertions in defendant Boeker's affidavit are also asserted in the Statement of Undisputed Facts filed in connection with the defendant's pending Motion for Summary Judgment. *See* Rec. Doc. 50-1 at pp. 4-5. Pursuant to Local Rule 56.2 of this Court, a party who opposes a Motion for Summary Judgment must respond to an opponent's Statement of Undisputed Facts by submitting to the Court "a separate, short and concise statement of the

The record further reflects that the plaintiff was charged with "Defiance" and "Aggravated Disobedience" as a result of the events of October 28, 2010, and was thereafter found guilty of these rule violations and sentenced to a transfer to disciplinary segregated confinement and to a loss of twelve (12) weeks of canteen privileges. Finally, the plaintiff's medical records reflect that he was taken to the prison infirmary on the morning of October 28, 2010, and was evaluated by Dr. Jonathan Roundtree. At that time, the plaintiff exhibited only a 1-inch cut to his forehead, which did not require sutures, and superficial abrasions to his shoulder, right arm and back. According to the affidavit of Dr. Roundtree, the plaintiff was alert and well-oriented and reported only that he had been punched and had fallen, hitting his face as he fell. *See* Rec. Doc. 52-4. There was no noted complaint by the plaintiff that he had lost consciousness, had been punched more than once, or had been beaten and repeatedly kicked on that date. The plaintiff was noted to ambulate without difficulty and to have a full range of motion in his right shoulder, albeit with some report of pain. Dr. Roundtree cleaned the plaintiff's wounds, prescribed Tylenol for the plaintiff's pain, and ordered x-rays of the plaintiff's shoulder and head. These x-rays were undertaken on October 30, 2010, and were interpreted to be negative for objective injury. It appears that the plaintiff was thereafter seen and evaluated on multiple occasions by physicians at LSP, complaining of migraine headaches, a stiff neck, shoulder pain, and loss of strength and motion, all allegedly the result of the events of October 28, 2010. Notwithstanding, as noted in Dr. Roundtree's affidavit, the plaintiff's complaints and symptoms reported after the

---

material facts as to which there exists a genuine issue to be tried." The Local Rule further provides that all material facts set forth in a moving party's Statement of Undisputed Facts shall be deemed admitted if not controverted in an opposing party's statement of facts. Inasmuch as the plaintiff in this case has neither filed an opposition to the defendant's Motion for Summary Judgment nor filed a statement of material facts as to which there exists a genuine issue to be tried, the factual assertions made by defendant Boeker in his affidavit and in his Statement of Undisputed Facts are effectively admitted as true.

incident of October 28, 2010, were not significantly different from complaints and symptoms reported by the plaintiff during medical consultations occurring before that date. *Id.* Thus, the medical opinion of Dr. Roundtree is that the plaintiff "was not subjected to excessive force on October 28, 2010." *Id.*

In response to the foregoing, the plaintiff has not presented any evidence or opposition, much less evidence sufficient to meet his burden of proof, to rebut the defendant's assertion of qualified immunity, and to show the existence of a genuine disputed fact regarding whether defendant Boeker in fact utilized unreasonable or constitutionally excessive force on the date in question. *See Gates v. Texas Department of Protective and Regulatory Services, supra*, 537 F.3d at 419 (recognizing that the plaintiff bears the burden of rebutting a defendant's assertion of qualified immunity on motion for summary judgment). Specifically, the plaintiff has offered nothing to refute the defendant's sworn assertions or evidentiary showing which reflect that the plaintiff engaged in conduct on October 28, 2010, which justified some use of force on that date. Whereas the plaintiff asserted in his Complaint that defendant Boeker charged into the plaintiff's cell without provocation, the plaintiff's Complaint is unsworn and, as a result, his assertions therein are not properly subject to consideration by the Court in connection with a motion for summary judgment. In the context of a Motion for Summary Judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in unsworn pleadings in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to a properly supported motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* When a party does not file an opposition to a motion for summary

judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's Motion for Summary Judgment or to the affidavits and documentary evidence produced in support thereof. Other than the mere allegations of the plaintiff's Complaint, unsupported by corroborating evidence, there is nothing before the Court which tends to support his claims. What has been brought to the Court's attention for consideration is competent evidence adduced by the defendant, supported by documentation, which reflects that the use of force against the plaintiff on October 28, 2010, was not for the sole purpose of maliciously and sadistically causing the plaintiff harm but, instead, was for the purpose of restoring order and maintaining control in a potentially dangerous situation. Accordingly, based upon the foregoing and upon the plaintiff's failure in this case to oppose the defendant's Motion for Summary Judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to provide supporting evidence on his own behalf, the Court concludes that the defendant's Motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Barrett L.

Boeker (Rec. Doc. 50) be granted, dismissing the plaintiff's remaining claims asserted in this proceeding, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 13, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**