## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                     NO. 12-0051-SDD-RLB

## **NOTICE**

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on August 6, 2014.

                                            RICHARD L. BOURGEOIS, JR.
                                            UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY MOORE (#94182)                                              CIVIL ACTION

VERSUS

BARRETT L. BOEKER, MAJOR, ET AL.                                   NO. 12-0051-SDD-RLB

## SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon referral back by the assigned District Judge for reconsideration of the defendant's Motion for Summary Judgment (Rec. Doc. 50).

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Barrett L. Boeker, Ass't Warden Tim Delaney and Dr. Jonathan Roundtree, complaining that his constitutional rights were violated on October 28, 2010. Pursuant to a prior Ruling in this case (Rec. Doc. 30), the Court has dismissed the plaintiff's claims asserted against defendants Tim Delaney and Jonathan Roundtree and has dismissed all of the plaintiff's claims asserted against defendant Boeker except the plaintiff's claim that defendant Boeker, in his individual capacity, utilized excessive force against the plaintiff on the referenced date in violation of the Eighth Amendment to the United States Constitution.

Upon initial consideration of defendant Boeker's Motion for Summary Judgment, the undersigned Magistrate Judge recommended dismissal of the plaintiff's claim of excessive force because the plaintiff had failed to file an opposition to the defendant's Motion and had failed to produce affidavits, sworn statements or any properly supported documentation to refute the defendant's sworn assertions. *See* Rec. Doc. 53. As a result, the Court concluded that no

evidence was before the Court to support a finding that there were disputed issues of material fact in this case. In response to the Magistrate Judge's Recommendation, the plaintiff submitted an Opposition and a Motion for Leave to File an Amended Complaint (Rec. Docs. 54 and 55), and he included with these pleadings, *inter alia,* a proposed Amended Complaint which was verified under penalty of perjury as authorized by 28 U.S.C. § 1746, and a sworn statement provided by a co-inmate attesting to the facts stated therein. *See* Rec. Docs. 55-2 at p. 21 and 55-3 at p. 12. In response to these filings, the District Judge granted the plaintiff's Motion for Leave to File the Amended Complaint, *see* Rec. Doc. 57, and referred the matter back for reconsideration of the defendant's Motion for Summary Judgment and issuance of a Supplemental Report and Recommendation in light of the plaintiff's amendment.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In support of his Motion for Summary Judgment, defendant Boeker has presented a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent Administrative Remedy Proceedings, certified copies of excerpts from the plaintiff's medical records, certified copies of excerpts from defendant Boeker's medical records, a certified copy of an excerpt from a publication entitled "PPCT Resistance/Control Continuum," a certified copy of LSP Directive No. 09.002 (relative to "Use of Force"), excerpts from the plaintiff's deposition testimony taken on November 1, 2013, and the affidavits of Rhonda Z. Weldon, Jonathan Roundtree, M.D., and defendant Barrett L. Boeker.

In opposition to the defendant's motion, the plaintiff has presented his now-verified Amended Complaint, copies of excerpts from his pertinent Administrative Remedy Proceedings, copies of an Unusual Occurrence Report and a Disciplinary Report prepared by defendant Boeker dated October 28, 2010, (the latter charging the plaintiff with Defiance and Aggravated Disobedience), a copy of defendant Boeker's affidavit, a copy of a sworn statement prepared by

co-inmate Alphonse Smith, a copy of the plaintiff's Pretrial Order submissions, and copies of excerpts from the plaintiff's medical records.

As pertinent to the remaining issue before the Court, the plaintiff alleges in his Complaint that on the morning of October 28, 2010, defendant Boeker came to the plaintiff's cell and, before opening the cell door, placed the plaintiff in behind-the-back restraints. According to the plaintiff, defendant Boeker then called for the cell door to be opened and "immediately charged in like a bull," knocking the plaintiff to the floor and causing the plaintiff to sustain a cut to his face and an injury to his shoulder. Defendant Boeker then proceeded to punch and kick the plaintiff until the plaintiff lost consciousness, dragged the plaintiff down the cell tier, and placed the plaintiff in the "dungeon shower." According to the plaintiff, he sustained injury as a result of the defendant's alleged unlawful conduct.

In response to the plaintiff's allegations, the defendant contends in the instant motion that he is entitled to qualified immunity in connection with the plaintiff's claim of excessive force. Specifically, the defendant contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as

a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claim of excessive force, the Court finds that the defendant's motion should be denied. Specifically, the Court finds that there are disputed questions of material fact which preclude the grant of summary judgment relative to the issue of excessive force in this case.

A use of force is excessive and violates the Eighth Amendment to the United States Constitution when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Notwithstanding, not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, and the Eighth Amendment's prohibition against cruel and unusual

---

1. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. The Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances, and other factors to be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

      Applying the foregoing standard, the Court finds that there are disputed questions of material fact regarding the objective reasonableness of the defendant's use of force on October 28, 2010. As noted above, the plaintiff attests in his now-verified Complaint that defendant Boeker placed him in behind-the-back restraints on the referenced date and then rushed into the plaintiff's cell without provocation, knocked the plaintiff to the floor, and proceeded to punch and kick the plaintiff until the plaintiff lost consciousness. These assertions are corroborated by a sworn statement provided by a co-inmate, Alphonse Smith, who was housed on the plaintiff's tier at that time. In response to these assertions, defendant Boeker has presented a competing sworn affidavit attesting that on the morning of the referenced date, he went to the plaintiff's cell for a shakedown search, applied restraints to the plaintiff, and called for the plaintiff's cell to be

opened after the restraints had been secured. *See* Rec. Doc. 52-5. The defendant attests that he then gave several orders to the plaintiff to exit the cell so that the defendant could conduct the search. *Id.* The plaintiff, however, allegedly refused these orders, whereupon defendant Boeker entered the plaintiff's cell and, as he did so, the plaintiff lowered his head and attempted to head-butt the defendant. *Id.* The defendant attests that he then utilized only reasonable and necessary force to "take control of the situation by bringing plaintiff to the floor," after which the plaintiff "was then compliant with all further orders and was sent to the treatment center." *Id.* The defendant specifically denies that he utilized force against the plaintiff maliciously and sadistically for the purpose of causing the plaintiff harm and asserts, instead, that the force utilized "was proportional to the clear and present threat" posed by the aggression of the plaintiff and "was applied in a good faith effort to maintain and restore discipline." *Id.*

Whereas the defendant focuses in the instant motion upon (1) the alleged minimal nature of the objective injuries noted to the plaintiff after the incident complained of and (2) upon asserted inconsistencies between the plaintiff's pleadings before this Court and statements made by the plaintiff in administrative remedy proceedings and during his deposition, the Court does not find that these discrepancies are sufficient to eliminate the essential factual dispute between the parties in this case relative to the events of October 28, 2010. Instead, the parties have provided competing accounts of the events leading up to the use of force on the referenced date, and the resolution of this factual dispute will require a credibility determination which is not susceptible of determination on motion for summary judgment. The plaintiff's medical records reflect that he was taken to the prison infirmary after the incident complained of and was evaluated by Dr. Jonathan Roundtree. At that time, the plaintiff exhibited a 1-inch cut to his forehead (which did not require sutures) and superficial abrasions to his shoulder, right arm and

back. According to the affidavit of Dr. Roundtree, the plaintiff was alert and well-oriented and reported that he had been punched and had fallen, hitting his face as he fell. *See* Rec. Doc. 52-4. According to Dr. Roundtree, there was no noted complaint by the plaintiff that he had lost consciousness, had been punched more than once, or had been beaten and repeatedly kicked. The plaintiff was noted to ambulate without difficulty and to have a full range of motion in his right shoulder, albeit with some report of pain. Dr. Roundtree cleaned and bandaged the plaintiff's wounds, prescribed Tylenol for the plaintiff's pain, and ordered x-rays of the plaintiff's shoulder and head. These x-rays were undertaken on October 30, 2010, and were interpreted to be negative for objective injury. Notwithstanding these purported minimal objective injuries, it further appears that the plaintiff requested medical attention on multiple subsequent occasions and was thereafter seen and evaluated by physicians at LSP, complaining subjectively of migraine headaches, stiffness in his neck, shoulder pain, and loss of strength and motion, all allegedly the result of the events of October 28, 2010. In addition, whereas Dr. Roundtree's affidavit opines that the plaintiff's complaints and symptoms after the incident of October 28, 2010, are not significantly different from complaints and symptoms reported during medical consultations occurring before that date, this assertion, even if true, does not negate a potential finding that the plaintiff suffered an aggravation of one or more pre-existing conditions during the incident complained of and does not alone support the medical opinion of Dr. Roundtree that the plaintiff "was not subjected to excessive force on October 28, 2010." *Id.* Finally, the purported inconsistencies noted by the defendant between the plaintiff's pleadings, his prior written statements, and his deposition testimony are more appropriately addressed by the defendant in seeking to impeach the plaintiff's credibility on cross-examination at a trial or

evidentiary hearing.² Accordingly, these purported inconsistencies are not seen to be sufficient to warrant a conclusive determination at this stage of the proceedings that the plaintiff will be unable to recover in connection with his claim. Accordingly, the defendant's Motion for Summary Judgment should be denied.

## SUPPLEMENTAL RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Barrett L. Boeker (Rec. Doc. 50) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on August 6, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2. The alleged inconsistencies relied upon by the defendant pertain, *inter alia,* to the extent to which the plaintiff has made similar medical complaints prior to the incident complained of, to whether the plaintiff was subjected to "full restraints" (including ankle chains) by defendant Boeker on October 28, 2010, or only to behind-the-back restraints, and to certain factual details relative to the incident itself, such as whether the plaintiff was kicked by defendant Boeker, whether the plaintiff was dragged from the cell by defendant Boeker, and whether the plaintiff lost consciousness during the incident.